# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CORTEZ N. MEADOWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. CIV-17-226-G |
| | ) |
| CITY OF OKLAHOMA CITY et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Cortez N. Meadows, appearing pro se and proceeding *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983 challenging his arrest by Defendant Kristopher Gellenbeck. *See* Compl. (Doc. No. 1) at 1-7. Now before the Court is Plaintiff's Motion for Judgment as a Matter of Law (Doc. No. 63). Defendant City of Oklahoma City and Defendant Gellenbeck both have filed responses (Doc. Nos. 65, 67), and Plaintiff has replied (Doc. Nos. 80, 81).

Plaintiff asserts that he is entitled to judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a), which authorizes a court to grant judgment in a party's favor after presentation of evidence at trial but prior to submission of the case to the jury for decision. The rule provides, in relevant part, that a court may grant a motion for judgment as a matter of law "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1), (2); *accord Century 21 Real Estate Corp. v. Meraj Int'l Inv. Corp.*, 315 F.3d 1271, 1278 (10th Cir. 2003) (explaining

that Federal Rule of Civil Procedure 50(a) permits judgment as a matter of law "during trial").

This case has not been set for jury trial. Because Plaintiff filed his Motion for Judgment as a Matter of Law prior to the commencement of any trial that may be held in this matter, Plaintiff's Motion is plainly premature. *See Dawson v. Johnson*, 266 F. App'x 713, 715, 718 (10th Cir. 2008) (explaining that a motion for judgment as a matter of law "filed before trial had commenced was not a proper Rule 50(a) motion").

The Court declines to construe Plaintiff's Motion as a motion for summary judgment. Plaintiff specifically and exclusively invoked Federal Rule of Civil Procedure 50(a) in his Motion. *See* Pl.'s Mot. (Doc. No. 63) at 1, 3, 6, 7, 9, 11. The Court also notes that Defendant City of Oklahoma City objected to Plaintiff's Motion on the bases that a Rule 50(a) motion was premature and that Plaintiff was "attempting to file a Second Motion for Summary Judgment without obtaining this Court's permission." Def. City's Resp. (Doc. No. 65) at 2-3 (citing LCvR 56.1(a) ("Absent leave of court, each party may file only one motion under Fed. R. Civ. P. 56.")); *see* Pl.'s Mot. Summ. J. (Doc. No. 27). Plaintiff failed to address these challenges in either of his replies. *See* Doc. Nos. 80, 81.

Accordingly, Plaintiff's Motion for Judgment as a Matter of Law (Doc. No. 63) is DENIED.

IT IS SO ORDERED this 16th day of October, 2018.

CHARLES B. GOODWIN
United States District Judge

2